# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By dreese at 10:23 am, Mar 03, 2015

In the matter of: )
)
JOHN E. PERKINS, ) Chapter 7 Case
)
        *Debtor.* ) Number 14-40191-EJC
)

## MEMORANDUM OPINION

This case is before the Court on the Motion to Avoid Judicial Lien Pursuant to 11 U.S.C. § 522(f)(1)(A) ("Motion") (dckt. 25) filed by John E. Perkins ("Debtor"). The Court held hearings on the Motion on November 24, 2014 and February 26, 2015. The Court will grant the Motion.

## JURISDICTION

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by Chief Judge Anthony A. Alaimo on July 13, 1984. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(K) (providing that core proceedings include "determinations of the validity, extent, or priority of liens"). In accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

On January 31, 2014, Debtor filed a voluntary Chapter 7 petition. (Dckt. 1.) On May 12, 2014, Debtor's case was closed without discharge due to his failure to

AO 72A
(Rev. 8/82)

file Official Form 23 (Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management). (Dckt. 20.) On October 14, 2014, Debtor filed his original motion to reopen, which asked that "the case be reopened for the limited purpose of filing his financial management counseling certification." (Dckt. 23.) That same day, Debtor filed his Official Form 23 (dckt. 22), an amended Schedule D (dckt. 24), and the Motion (dckt. 25) currently before the Court.

On November 3, 2014, Cornelia Stumpf, a creditor of Debtor whose purported judicial lien is the subject of Debtor's Motion, filed a response to the Motion.[1] (Dckt. 30.) On November 24, 2014, the Court held a hearing on the Motion as well as Stumpf's response. Debtor and Stumpf testified at the hearing. At that hearing, the Court advised Debtor's counsel that he would need to file an amended motion to reopen, asserting as an additional ground the need to file a Motion to Avoid Judicial Lien because the original motion to reopen represented to the Court and parties in interest that the case would be reopened for the very narrow and limited purpose of filing Official Form 23. After Debtor amended his motion to reopen the case twice, the Court reopened his case on February 9, 2015. On February 26, 2015, the Court held a second hearing on the Motion. Stumpf did not appear at that hearing.

Stumpf contracted with Debtor in 2011 for Debtor to replace the roof on her home. About a year and half after Debtor completed the work, Stumpf realized that

---

[1] The named plaintiffs on the writ of *fieri facias* are "CSCP Consult, LLC and Cornelia Stumpf." (Stumpf Ex. 9.) For convenience, the Court will refer to the lien simply as "Stumpf's lien."

the roof had problems due to alleged negligence in its installation and contacted Debtor to remedy the problem. The problem was not remedied to her satisfaction, so she sued Debtor (among other named defendants) and obtained a default judgment against him on December 30, 2013. (Debtor's Ex. 6.)

Debtor filed bankruptcy on January 31, 2014. Debtor's debt to Stumpf was neither listed nor scheduled as required by Bankruptcy Code § 521(a).[2] While Debtor's bankruptcy case was pending, on February 5, 2014, Stumpf recorded a writ of *fieri facias* in Liberty County, Georgia.[3] Stumpf testified that she did not receive notice or have actual knowledge of Debtor's bankruptcy case until October 2014.

In his Schedule C, Debtor claims an exemption of $11,500.00 in property represented to be worth $11,500.00. (Dckt. 1, at 13.) Stumpf's judicial lien impairs that exemption within the meaning of § 522(f)(1).

## CONCLUSIONS OF LAW

The Bankruptcy Code permits a debtor to avoid judicial liens to the extent that they impair the debtor's ability to exempt property. *See* 11 U.S.C. 522(f)(1)(A); *Owen v. Owen*, 500 U.S. 305, 309 (1991); *Lehman v. VisionSpan, Inc. (In re Lehman)*, 205 F.3d 1255, 1256 (11th Cir. 2000). A lien impairs an exemption "to the extent that the

---

[2] The Court is not making any findings regarding the dischargeability of this debt, which is a separate issue from whether Debtor may avoid Stumpf's lien.

[3] Debtor has not argued that the lien should be declared void because its creation violated the automatic stay of § 362 in this case. In light of the Court's conclusion that the lien may be avoided under § 522(f), the Court declines to address the validity of the lien sua sponte.

sum of—(i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A).

The amount of the lien ($19,948.00) and claim of exemption ($11,500.00) exceeds the value that Debtor's interest in the property would have if there was no lien ($11,500.00). As a result, the lien impairs Debtor's exemptions and, therefore, is avoidable under § 522(f). *See In re Thigpen*, 374 B.R. 374, 377 (Bankr. S.D. Ga. 2007) (Davis, J.).

The Court has thoroughly reviewed and considered Stumpf's response (dckt. 30). Her frustration concerning Debtor's failure to list her as a creditor in his original bankruptcy schedules is understandable. Nevertheless, she fails to cite to any legal authority to support her position that the lien should not be avoided. Debtor is not time-barred from seeking to avoid Stumpf's lien in this reopened case. *See In re Harle*, 422 B.R. 310, 317 n.10 (Bankr. M.D. Fla. 2010) ("The Bankruptcy Code and Rules are silent as to any particular time constraints for raising lien avoidance. The majority of courts have held there is no time limit for raising lien avoidance absent prejudice or fraud to creditors." (quoting *In re Glover*, No. 00-06680-6B3, 2001 WL 1825795, at *2 (Bankr. M.D. Fla. 2001)) (internal quotation marks omitted)). Debtor's other arguments relate to the dischargeability of the debt underlying Stumpf's lien and are not persuasive regarding the issue now before the Court.

The Court will enter a separate order consistent with these findings of fact and conclusions of law.

Dated at Savannah, Georgia, this 3rd day of March, 2015.

Edward J. Coleman, III
United States Bankruptcy Judge
Southern District of Georgia